IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL L. KRISE, | ) | CASE NO. 5:08 CV 94 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MAGISTRATE JUDGE |
| Commissioner of Social Security, | ) | BENITA Y. PEARSON |
| | ) | |
| Defendant. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |

This matter was referred to this Court for the submission of a report and recommendation on the final decision of the Social Security Administration denying Disability Insurance Benefits and Supplemental Security Income to Plaintiff Cheryl L. Krise.  Finding that the Social Security Administration's decision denying Plaintiff Krise Disability Insurance Benefits and Supplemental Security Income is not based upon proper legal standards, this Court recommends that the Social Security Administration's final decision regarding whether Krise met or equaled the criteria of Listing 1.04A be reversed and remanded for further consideration.

### I. Overview

At the time of the Administrative Law Judge's ("ALJ") final decision denying Krise's Disability Insurance Benefits and Supplemental Security Income from the Social Security Administration ("Agency"), it was largely undisputed that Krise was 42 years old, had achieved

1

a 10th grade education, and had been stricken with severe physical impairments evidenced by back and right leg pain.  At the date of her hearing before the ALJ, Krise's previous employment consisted primarily of having worked as a construction flagger and an office cleaner for approximately four (4) years.  Krise has maintained a permanent drivers license.

The ALJ found that Krise has the "residual functional capacity to lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently and to sit for 6-8 hours and stand and walk for 6-8 hours in a workday, with normal breaks." (Tr. 27.)  The ALJ also found Krise able to perform her past relevant work as a construction flagger. (Tr. 30.)  Consequently, the ALJ found Krise not disabled and thus, not entitled to benefits.

After reviewing the administrative record as a whole, including the medical and other evidence presented, and the legal standards applied, this Court finds that the Agency relied upon an incorrect legal standard in its analysis of whether Krise met or equaled the criteria of Listing 1.04A.

## II.  Procedural History

Krise applied for Disability Insurance Benefits and Supplemental Security Income (collectively "Benefits") on April 7, 2004 alleging disability caused by back and right leg pain since June 13, 2003.  The Agency, on August 25, 2004, determined that she was not disabled and not eligible for Benefits.  Upon reconsideration on February 28, 2005, the Agency again denied Krise Benefits.  Consequently, Krise requested and obtained a hearing before an ALJ on March 12, 2007 where she appeared with counsel.  The ALJ denied Krise Benefits on April 24, 2007 and Krise then appealed to the Appeals Council providing additional medical evidence of her

physical and mental impairments.  The Appeals Council denied review on November 15, 2007.[1]

Seeking a review of the Agency's final decision denying her Benefits, Krise timely filed a Complaint with this Court alleging that: (1) the ALJ's findings regarding her spinal impairment and mental status were incorrect and the ALJ failed to properly articulate adequate reasons for those findings; (2) the Appeals Council failed to properly articulate adequate reasons for not remanding the claim; (3) this Court should recommend remanding the case pursuant to Sentence Four of 42 U.S.C. § 405(g); and, alternatively, (4) this Court should recommend remanding the case pursuant to Sentence Six of 42 U.S.C. § 405(g) because new and material evidence exists that the ALJ should consider.  ECF No. 14.

### III.  Law and Analysis

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial and whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  The ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  Furthermore,

---

[1] The Appeals Council first denied review on August 3, 2007.  Because of an inadvertent clerical error regarding Krise's request for a recording of the hearing, however, the Appeals Council set aside the August 3rd action, making November 15, 2007 the date of the Agency's final decision.

judicial review of the ALJ's decision must be based on the record as a whole.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.  *Id.*

The relevant legal analysis for a disability insurance determination is contained in the Agency's regulations.  20 C.F.R. § 404.1520 provides the following five-step evaluation process that the ALJ must follow in order to determine whether a claimant is disabled:

> (I) At the **first step**, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)
>
> (ii) At the **second step**, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)
>
> (iii) At the **third step**, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)
>
> (iv) At the **fourth step**, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)
>
> (v) At the **fifth and last step**, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. § 404.1520(a)(4)(I-v). (Emphasis added.)

This Court will review each of Krise's arguments and the findings of the ALJ consistent with the above deferential standards.

4

**A. The ALJ Applied an Incorrect Legal Standard to the Criteria of Listing 1.04A**

While the Court does not require a perfect opinion, it does ask for a logically consistent one.  See *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("we cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").  In the instant case, the ALJ incorrectly interpreted Listing 1.04A's required criteria and used that incorrect criteria to determine whether Krise's spinal impairment met or equaled the listing.  Even though substantial evidence may exist in the record that Krise did not meet the correct criteria of Listing 1.04A, this Court cannot find the ALJ's mistake amounted to harmless error, thus, remand is appropriate.

**1. The ALJ's Analysis of Whether Krise's Impairment Met Listing 1.04A**

Krise argues that the ALJ applied improper standards of law and failed to articulate adequate reasons for finding her spinal impairment did not meet or equal Listing 1.04A.  This Court agrees that the ALJ applied an improper legal standard and, therefore, finds it unnecessary to address the ALJ's failure to articulate his findings.

Listing 1.04 governs disorders of the spine:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture),

5

> resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>>
>> or
>>
>> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>>
>> or
>>
>> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, ***and resulting in inability to ambulate effectively***, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpart P, App. 1 § 1.04. (Emphasis added.)  To satisfy Listing 1.04A, a claimant must demonstrate (1) the existence of a disorder of the spine which compromises a nerve root or the spinal cord, and (2) that this disorder is manifested by: (a) neuro-anatomic distribution of pain; (b) limitation of motion of the spine; (c) motor loss (atrophy with associated muscle weakness or muscle weakness); (d) sensory or reflex loss; and (e) positive straight leg raise test, in both the sitting and supine positions.  In addition, the regulations require that abnormal findings must be established over a period of time: "Because abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00D.

The ALJ determined that Krise did not meet or equal Listing 1.04A because she appeared to have no problems walking.  He noted that  "[a] threshold requirement of this Listing is that

[the claimant must have] the ineffective ability to ambulate involving both lower extremities, whereas the record demonstrates that the claimant has a normal gate." (Tr. 27.)  He continued: "[t]he evidence also does not confirm that the claimant requires an ambulatory aid or is other wise unable to stand and walk . . . ." (Tr. 27.)  Based upon this finding, the ALJ concluded that the "criteria of Section 1.04 have not been satisfied." (Tr. 27.)

The ALJ's analysis is incorrect because the ALJ interjected a threshold requirement for Listing 1.04A where none exists.  Listing 1.04A does not require functional loss or an inability to ambulate effectively.  Only Listing 1.04C has that requirement.

The phrase "ability to ambulate effectively" is first presented in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00B as part of the definition of the term "loss of function."  If a claimant asserts "loss of function" as part of his or her disability, or if the specific Listing requires a "loss of function," then the claimant meets or equals the Listing if the claimant does not have the ability to ambulate effectively <u>or</u> must not have the ability to perform fine and gross movements effectively.  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00B2.  This Court find no evidence within the record that Krise has claimed a loss of function.  Moreover, because Listing 1.04A does not require a loss of function or an inability to ambulate effectively,  the ALJ's imposition of the "threshold requirement" of ineffective ambulation was erroneous and resulted in the application of an incorrect legal standard.

In *Lawson v. Comm'r of Soc. Sec.*, 192 Fed.Appx. 521 (6th Cir. 2006), the Sixth Circuit analyzed the criteria for each subsection (A, B, and C) of Listing 1.04.  In that detailed analysis, the *Lawson* Court only referenced the inability to ambulate effectively as a requirement of Listing 1.04C, not for Listing 1.04A or 1.04B.  *Lawson*, 192 Fed.Appx. at **7-8.  Among the

subsections of Listing 1.04, only the literal text of Subsection C requires a finding that the claimant not be able to ambulate effectively. Subsections A and B are silent in this regard. *See* U.S. v. Turner, 465 F.3d 667, 671 (6th Cir. 2006) ("In interpreting a statute, this court looks first to its plain language." (*citing* Cowherd v. Million, 380 F.3d 909, 913 (6th Cir.2004))).

This Court, therefore, follows the Sixth Circuit precedent and the plain language of the regulation, in finding an inability to ambulate effectively is not a requirement of Listing 1.04A. The ALJ's finding to the contrary resulted in an incorrect application of law for that Listing.

### 2. The ALJ's Improper Analysis Warrants a Sentence Four Remand

The ALJ erred at Step Three, the Listing determination, by imposing a more stringent requirement than that set out in the regulations. This is impermissible. *See* Gambill v. Bowen, 823 F.2d 1009, 1013 (6th Cir. 1987). The statutory remedy for this type of procedural error is a remand pursuant to Sentence Four under 42 U.S.C. § 405(g). A Sentence Four remand will permit the ALJ to properly determine whether Krise meets or equals Listing 1.04A. *See generally* Davis v. Shalala, 985 F.2d 528 (11th Cir. 1993). Remand is necessary, even if a different outcome is unlikely:

> "a procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." Mazaleski v. Treusdell, 562 F.2d 701, 719 n. 41 [(D.C. Cir. 1977)]. . . . To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [the regulation], would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.

Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004) (selected citations omitted).

This Court's review is limited in scope as it may not conduct a *de novo* review to

determine whether the criteria of Listing 1.04A is met or equaled (absent the proper finding by the ALJ) even if substantial evidence exists in the record to make such a determination. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Walston v. Gardner*, 381 F.2d 580, 585 (6th Cir. 1967). Because the ALJ did not make proper findings at Step Three of the sequential analysis regarding the specific criteria of Listing 1.04A, nor discuss the specific criteria of Listing 1.04A in another part of the opinion, remand is necessary to allow the ALJ to consider Krise's medical history regarding her spinal impairment as contained in the record and make a proper Step Three determination without the added burden of ineffective ambulation. *See Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 352 (6th Cir. 1988).

### B. The ALJ's Finding that Krise's Mental Impairment is not Severe does not Amount to Reversible Error

Krise also argues that the ALJ erred by failing to determine that Krise's mental impairment was "severe" at Step Two. In the Sixth Circuit, the severity determination is "a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Id.* The goal of the test is to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir.1985).

Krise's argument, however, is misguided. The ALJ specifically found that Krise's spinal impairment (degenerative disc disease) qualified as a severe impairment. (Tr. 27.) Krise, therefore, cleared Step Two of the analysis. This caused the ALJ to consider Krise's severe and

9

non-severe impairments in the remaining steps of the sequential analysis. That the ALJ did not find Krise's mental impairment to be severe at Step Two is legally irrelevant. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987) (holding that the failure to find that an impairment was severe was harmless error where other impairments were deemed severe). Thus, the ALJ did not commit reversible error in this regard.

### C. The Appeals Council's Decision is not Reviewable as the Agency's Final Decision

Krise's argues that the "Appeals Council did not articulate adequate reasons for rejecting the new and material evidence as a basis for remand." ECF No. 14 at 4. Within this argument, Krise also contends that the Appeals Council did not discuss all of the evidence Krise submitted justifying "a Sentence Four remand." ECF No. 14 at 5.

In the instant matter, the Appeals Council denied review of Krise's case, making the ALJ's decision the Agency's final decision. Furthermore, "[e]vidence that is presented to either the Appeals Council or to this Court is not evidence that is part of the Court's substantial evidence review of the ALJ's decision. Instead, it may be used for the sole purpose of determining whether the criteria is met under 42 U.S.C. § 405(g) to allow a remand under sentence [six] of that statute." *Washington v. Comm'r of Soc. Sec.*, 2008 WL 4449428 (S.D. Ohio Sept. 30, 2008) (*citing Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.1993)). Therefore, this Court's review of the evidence submitted to the Appeals Council is, accordingly, limited.

Krise did not provide legal authority for the assertion that the Appeals Council had a duty to articulate adequate reasons for not discussing newly submitted evidence in its decision not to review her case. Krise, instead, refers the Court to *Hurst v. Sec'y of Health & Human Servs.*,

10

753 F.2d 517, 519 (6th Cir. 1985), a case that supports the proposition that an *ALJ* is required to articulate reasons for rejecting evidence. *Hurst* does not, contrary to Krise's contention, support the proposition that the Appeals Council is required to articulate adequate reasons for the consideration it gives newly submitted evidence upon denying review.

The Tenth Circuit addressed a very similar issue in *Martinez v. Barnhart*, 444 F.3d 1201 (10th Cir. 2006). The *Martinez* Court stated:

> Mr. Martinez also argues, however, that the Appeals Council should have specifically discussed the effect of Dr. Olivares' treatment records on the second ALJ's decision, in light of the record as a whole. While an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review. We therefore reject Mr. Martinez's contention that the Appeals Council erred by failing to specifically discuss Dr. Olivares' treatment records.

*Martinez*, 444 F.3d at 1207-08. Similar to Martinez, Krise asks the Court to find that the Appeals Council failed to articulate adequate reasons for not discussing all of the evidence Krise submitted for review. Just as the *Martinez* Court concluded, statutes nor regulations require the Appeals Council to perform such an analysis.

Although Krise specifically requested a Sentence Four remand in her brief, the type of remand Krise described is a Sentence Six remand. A remand pursuant to Sentence Six is the only remand available in a situation where the Court is asked to remand the case for the consideration of new evidence submitted to the Appeals Council after the ALJ's decision. *Bass v. McMahon,* 499 F.3d at 513. Thus, Krise's request for remand under Sentence Four is improper in this context. Whether Krise is entitled to remand under Sentence Six is discussed below.

11

## D. Krise is not Entitled to Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g)

The evidence supporting a motion to remand pursuant to Sentence Six of 42 U.S.C. § 405(g) must be both "new and material," and claimants must show "good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir.1996). Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.2001) (*quoting Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). It is material if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (*quoting Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988)).

Good cause is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Sizemore*, 865 F.2d at 711 (*quoting Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (*per curiam*)). Mere cumulative evidence does not establish good cause for a remand. *Borman v. Heckler*, 706 F.2d 564, 568 (6th Cir.1983); *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir.1980).

The plaintiff has the burden of establishing that the evidence is new and material, and that there is good cause for not having presented the evidence to the ALJ. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir.1986). In this case, Krise bears the burden of establishing these two remand requirements. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir.2006).

Krise failed to present reasons establishing that the alleged new evidence is either

12

material or that good cause exists for its late submission.  Thus, Krise has not met her burden and remand pursuant to Sentence Six is inappropriate.

### IV.  Conclusion and Recommendation

For the reasons provided above, this Court finds that the ALJ used an incorrect legal standard in determining whether Krise met or equaled Listing 1.04A.  Accordingly, this Court recommends that the ALJ's decision that Krise did not meet or equal Listing 1.04A be reversed and remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g) with instructions that, upon remand, the ALJ evaluate and consider the evidence in the record, in a manner consistent with this report, to accurately determine whether that evidence contained in the record shows that Krise meets or equals Listing 1.04A.

This Court finds the remainder of Krise's claims are not well taken and declines Krise's request for remand of those claims pursuant to Sentence Four or six of 42 U.S.C. § 405(g) for additional consideration by the  Social Security Administration.


Dated:  January 27, 2009                                  /s/ Benita Y. Pearson
                                                          United States Magistrate Judge

### OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).