**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cheryl L. Krise, | ) | CASE NO. 5:08CV0094 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | [RESOLVING DOC. 17] |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Objections of Defendant, the Commissioner of Social Security ("Commissioner") to the Magistrate Judge's Report and Recommendation (Doc. 17). This action was referred to the Magistrate Judge for a Report and Recommendation regarding the decision of the Administrative Law Judge ("ALJ") to deny Plaintiff Cheryl L. Krise's ("Krise") application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Magistrate Judge found that the Commissioner's decision was not based upon proper legal standards. Specifically, the Magistrate Judge found that the ALJ's imposition of a threshold ambulation requirement to Krise's § 1.04A claim was error. Accordingly, the Magistrate Judge recommends that the Commissioner's decision regarding whether Krise met or equaled the criteria of § 1.04A be reversed and remanded for further consideration.

Regarding Krise's remaining three grounds for reversal, namely that the ALJ's finding that Krise's mental impairment is not severe is also reversible error, that the Appeals Council's failure to articulate adequate reasons for rejecting Krise's new evidence amounts to reversible error, and that the new evidence presented by Krise entitles her to a Sentence Six remand

pursuant to 42 U.S.C. § 405(g), the Magistrate Judge found that all three arguments were unpersuasive. This Court has conducted a de novo review of the record and ADOPTS the reasoning of the Magistrate Judge.

### I. PROCEDURAL HISTORY

Krise filed applications for DIB and SSI on April 7, 2004, alleging a disability onset date of June 13, 2003. Her claims were denied by the Social Security Administration ("SSA") both initially and on reconsideration. Krise then timely filed a Request for Hearing before an ALJ and that hearing took place on March 12, 2007. The ALJ determined that Krise was not disabled, as she could perform past relevant work as a flagger. Consequently, Krise requested review of the ALJ's decision by the Appeals Council. Krise's request for review was denied by the Appeals Council, making the ALJ's determination the final decision of the Commissioner on November 15, 2007.

Krise then timely filed an appeal with this Court, seeking review of the Commissioner's decision. The case was referred to a Magistrate Judge, who filed a Report and Recommendation (Doc. 16) with this Court after conducting a review of the ALJ's decision. The Magistrate Judge's Report and Recommendation found that because improper legal standards were applied by the ALJ, the decision of the ALJ should be reversed and the matter remanded.

### II. FACTUAL BACKGROUND

Krise was 42 years old at the time of the hearing in her claim. She has a tenth grade education, three daughters, and has engaged in substantial gainful activity in both the manufacturing and construction fields. Krise has not worked since June 13, 2003, which is the alleged onset date of her disability. She alleges physical disability regarding her back and mental disabilities, specifically depression and anxiety.

The ALJ determined that Krise does have a severe impairment, which is degenerative disc disease of the lumbar spine.  The ALJ also found that Krise can lift 20 pounds occasionally, 10 pounds frequently, sit for six hours, stand/walk six hours out of an eight-hour work-day, and that she can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds.  With these abilities and limitations in mind, the ALJ found that Krise is able to perform her past relevant work.  Specifically, the ALJ found that Krise is able to perform past relevant work as a flagger because that job, as typically performed in the national economy, is considered light work and can therefore be performed by Krise even with her physical limitations.

### III. LAW AND ANALYSIS

#### A.  Standard of Review

The district court may properly refer a matter to a Magistrate Judge for a Report and Recommendation.  28 U.S.C. § 636(b).  When the Magistrate Judge submits a Report and Recommendation, this Court is required to conduct a de novo review of those portions of the Report to which an objection has been made.  *Id*.  The primary issue then becomes whether substantial evidence supported the ALJ's decision.  This Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the Commissioner's findings.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Furthermore, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co of New York. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the Commissioner's decision, the decision must be affirmed even if a reviewing court would decide the matter differently.  *Kinsella v. Schweiker*,

708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings, however, the Court must examine the record as a whole and take into account that which fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the proper legal standards were employed. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

### B. The ALJ Applied an Incorrect Legal Standard to the Criteria of Listing 1.04A and Remanding this Case is the Appropriate Remedy

#### 1. The ALJ applied an incorrect legal standard to the criteria of listing § 104A when he denied Krise's application because she can ambulate effectively.

Krise filed her claim under § 1.04A, which states:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

4

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. The Government contends that § 1.00[1], the introductory paragraphs, acts as a set of threshold requirements in this instance and that a claimant must meet those requirements set forth in § 1.00[2] in order to move forward with a claim. The Government places much weight on the case of *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001), to support its argument that the ALJ was not in error when he applied to Krise's § 1.04A claim a threshold requirement that a claimant must be unable to ambulate effectively. That case, however, does not stand for the proposition that in order to qualify as disabled a claimant must meet the description in each and every section of the introductory paragraphs; rather, the *Foster* court held that that the introductory section serves as a definition section and that a claimant must meet the definition section's requirements for his impairment, in addition to the other requirements of the section under which he files. *Id*. at 354 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A) ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder."). Nowhere in the description of the impairment under which Krise filed her claim is there mention of a requirement that the claimant be unable to ambulate effectively. Had § 1.04A included a requirement that a claimant be unable to ambulate effectively, it would not be error for the ALJ to refer back to the definition of the term in the introductory paragraphs; however, there is no such ambulation requirement in § 1.04A, therefore, the ALJ's imposition of such a requirement was error.

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00.

[2] Section 1.00 contains, among other things, the definitions of terms used by the SSA in evaluating claims, including loss of function and inability to ambulate effectively. It also contains descriptions of numerous disorders, including herniated nucleus pulposus, spinal arachnoiditis, and lumbar spinal stenosis. Candidly, the Court finds it difficult to conceive of how any one person could actually meet the descriptions of every portion of these introductory paragraphs.

5

The Government's argument is further weakened by the fact that the inability to ambulate effectively is specifically listed as a requirement of § 1.04C.  If, as the Government contends, the inability to ambulate effectively was a threshold requirement to recovering under any subpart of § 1.04, these words in § 1.04C would be rendered meaningless.  There is no conceivable reason to include the inability to ambulate effectively in § 1.04C if a claimant was actually required to be unable to ambulate effectively in order to move forward with his claim under any portion of § 1.04, as the Government would have this Court believe.

Furthermore, in similar cases before the Sixth Circuit, the inability to ambulate effectively has only been considered as a requirement of § 1.04C, not as a requirement of § 1.04A.  For example, in *Lawson v. Commissioner of Social Sec.*, 192 Fed. Appx. 521 (6th Cir. 2006), where a claimant alleged similar back problems to Krise's, the court articulated the criteria for each subpart of § 1.04.  The court noted that "[w]ith respect to Listing 1.04A (nerve root compression), that listing requires a finding of limitation of motion of the spine and loss of motor reflex." *Id.* at 530.  Despite the *Lawson* court's exhaustive analysis of § 1.04A, they did not include a requirement that a claimant be unable to ambulate effectively.  The court did, however, go on to specifically state that one of the requirements of § 1.04C is that a claimant be unable to ambulate effectively.  *Id.*  If, as the Government argues in this case, the inability to ambulate effectively is a threshold requirement to filing any claim under § 1.04, then there would be no reason for the court in *Lawson* to specify that the inability to ambulate is a requirement of § 1.04C.  Moreover, this Court finds that the analysis of the *Lawson* court is complete and thorough.  As the court in *Lawson* did not impose any type of threshold ambulation requirement to § 1.04A, this Court will not apply such a threshold requirement now.

6

> **2. Because the ALJ applied the wrong legal standard, a sentence four remand is the proper remedy under 42 U.S.C. § 405(g), since Krise has been denied a substantial procedural right and remand is not futile.**

Where a procedural error by an ALJ is found, the statutory remedy is remand pursuant to Sentence Four under 42 U.S.C. § 405(g). A remand pursuant to Sentence Four in the case at bar will allow the ALJ to properly determine whether Krise meets or equals the requirements of § 1.04A. When an agency violates its own procedural rule, remand is necessary when a claimant is "deprived of substantial rights because of the agency's procedural lapses." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, (6th Cir. 2004) (quoting *Connor v. U.S. Civil Serv. Com'n.*, 721 F.2d 1054, 1056 (6th Cir. 1983). A procedural right is considered substantial when the regulation is intended to safeguard the party invoking it. *Id*. On the other hand, if a procedural rule is of the sort "adopted for the orderly transaction of business," then an agency may "relax or modify its procedural rules." *American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970). Here, the imposition of a threshold requirement is simply not the sort of regulation which is designed to help an agency transact business in an orderly fashion; rather, it is the type of procedural rule designed to insure that all claimants are subject to the same standards and are treated fairly. Therefore, the imposition of a threshold requirement which was not actually a part of the regulation under which Krise filed her claim has deprived Krise of a substantial right as she has been subjected to a higher standard than the regulation actually requires.

Furthermore, a "procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success on the merits anyway." *Wilson*, 378 F.3d at 546 (quoting *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n.41 (D.C. Cir. 1977)). So, the issue before this Court is not whether the ALJ would have been justified in reaching the same result, but

7

rather the issue is whether the ALJ properly arrived at his conclusion, using the proper legal standards.  Finding the existence of substantial evidence to support an ALJ's determination that was improperly reasoned would "afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory."  *Id.*

The only exception to the general rule requiring remand is in the select instances where "remand would be an idle and useless formality."  *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969) (noting that there is no requirement that judicial review of agency action be converted into a ping-pong game).  In cases dealing with judicial review of an ALJ's decision in a social security case, this circuit has found that remand was unnecessary where an ALJ erred in failing to specify why he discredited testimony of a physician, as long as it was not a treating physician.  *Kornecky v. Commissioner of Social Sec.*, 167 Fed. Appx. 496 (6th Cir. 2006).  Similarly, it was harmless error where "the ALJ's error resulted in a failure to consider just eight potentially eligible days" from a claim and the record "[did] not show any evidence of medical treatment or disability-related complaints during this eight-day period."  *Kobitec v. Commissioner of Social Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004).

In the instant case, remand would be neither futile nor a mere formality.  Krise's case was not evaluated on the appropriate merits because of the ALJ's error of imposing a threshold requirement where one did not exist.  Unlike the *Kobitec* case, this case is not an example of harmless error where the record is clear that there is no merit in remanding the case.  Here, the ALJ imposed a threshold requirement where none existed, denied Krise's claim on that basis, and declined to complete his analysis of the remainder of her claim after finding that she did not meet the erroneous threshold requirement.  Nor is this a case where some testimony has been discredited in favor of other, more persuasive testimony.  Rather, Krise has been denied a

8

significant procedural safeguard and remanding the case for the ALJ to complete an analysis of Krise's claim under the correct standard would not be futile.

## IV. CONCLUSION

For the aforementioned reasons, this Court hereby ADOPTS the findings of fact and conclusions of law set forth by the Magistrate Judge in the Report and Recommendation. Accordingly, the decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner for further proceedings. The Appeals Council shall remand the case to an ALJ for a new hearing and a new decision.

IT IS SO ORDERED.

 July 6, 2009  /s/ *John R. Adams*
Date John R. Adams
U.S. District Judge